WARREN GORDON LIGHTERAGE, INC., Respondent, *v.* BARTLEY SCOW COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, April 11, 1924.

Evidence — action for balance due under contract — defendant denied making contract with plaintiff — reversible error to refuse to strike out testimony as to alleged telephone conversation by plaintiff's president with unidentified person relative to contract.

In an action to recover the balance alleged to be due under a contract, the execution of which with the plaintiff is denied by the defendant, it is reversible error to deny defendant's motion to strike out testimony as to an alleged telephone conversation by plaintiff's president with an unidentified person relative to the execution of the contract.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff after a trial without a jury.

*Foley & Martin (William J. Martin* and *George V. A. McCloskey,* of counsel), for the appellant.

*Cullom & Rinke (Neil P. Cullom* and *Hobart S. Weaver,* of counsel), for the respondent.

CRAIN, J. The action was brought to recover balance of $215.32 alleged to be due for charter hire and towage. The answer denied that the plaintiff rendered the services to the defendant as set forth in the complaint, pleaded payment and by amendment at the trial set up as a separate defense that the plaintiff, a New Jersey corporation, had failed to secure a certificate of authority from the secretary of state, authorizing it to do business in New York. The defendant claimed upon the trial that it had had no

dealings with the plaintiff corporation but had chartered the boats in question and had its other dealings with one Sullivan.

The only witness called for the plaintiff was its president and general manager, Warren Gordon. He testified in answer to the question " on or about September eleventh, did you have a conference with anyone representing the defendant? A. I had a telephone conversation with Bartley's office. I can't say who was at the other end of the wire. * * * Q. Do you know with whom representing the Bartley scow, you talked in that telephone conversation on or about September 11, 1918? A. The man who answered the phone said it was Bartley." Motion to strike out the answer was denied and exception taken. And then on page 7 appears the talk with this unidentified person.

The judgment in this case must be reversed because the court erred in refusing to strike out on motion of the defendant, appellant, this alleged telephone talk which the witness Warren Gordon testified that he had with some unidentified person. The motion to strike out should have been granted, and defendant's exception to the court's refusal to strike out the testimony presents reversible error.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and McCOOK, JJ., concur.

Judgment reversed.